IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK BERNDT,

           Plaintiff,

      vs.                             Case No. 03-1283-JTM

GARY KRAMER, M.D.,

           Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the plaintiff's Motion for Determination of What Injuries Could Only be Reasonably Ascertained on or after October 24, 2000 (Dkt. No. 62). Plaintiff argues that 1) the tinnitus; 2) the possibility of the loss of the leg; and 3) the appropriateness of the tobramycin treatment could not be determined until after October 24, 2000. Defendant responds that after the plaintiff learned his infection was permanent, any injury stemming from that injury would be barred by the statute of limitation based on this court's earlier order (Dkt. No. 53).

In the reconsideration hearing held on January 10, 2005, the parties noted in oral arguments that the issue of tinnitus and tobramycin treatment could reasonably be ascertained only after October 24, 2000. The only issue of contention is whether the determination of the fact of injury as to the infection bars further litigation because of the running of the statute of limitations.

Although plaintiff stipulated that the presence of the pseudomonas infection eventually led to the amputation of his right foot, the court cannot readily conclude that the knowledge of a permanent infection forecloses consideration of other causes.  Clearly, if some subsequent, intervening negligent action, such as mistreatment or misdiagnosis, in whole or in part, led to the amputation of plaintiff's foot, then those subsequent acts constitute the proximate cause for plaintiff's injury and fall outside the court's earlier determination of the fact of injury on October 24, 2000.  McDermott v. Midland Management, Inc., 997 F.2d 768, 770 (10th Cir. 1993) (citations omitted) (Under Kansas law, proximate cause is "that cause which in natural and continuous sequence, unbroken by any efficient intervening cause produces the injury and without which the injury would not have occurred.").  Here, the court cannot determine as a matter of law whether the initial infection or later acts of negligence caused plaintiff's injury. This is a question of fact more appropriately determined by a jury and on which the court cannot definitively rule.

IT IS ACCORDINGLY ORDERED this 25th day of March, 2005, that the court grants in part and denies in part plaintiff's Motion for Determination as set forth herein (Dkt. No. 62).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE