IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK BERNDT,

　　　　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　Case No. 03-1283-JTM

GARY KRAMER, M.D.,

　　　　　　　Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's "Motion to Certify Question to the Kansas Supreme Court" (Dkt. No. 69).  Pursuant to Kan. Stat. Ann. § 60-3201, defendant requests that this court submit the issue of whether plaintiff is entitled to the 30-day tolling provision of Kan. Stat. Ann. § 65-4908 where plaintiff voluntary dismissed his claim prior to filing a petition in district court.  After reviewing the applicable case law, the court finds that there is controlling precedent on this issue.  As a result, the court denies defendant's motion.

Kan. Stat. Ann. § 60-3201 governs the requirements of certification of a question from the U.S. District Court to the Kansas Supreme Court.  This court may request certification if: 1.) the question certified may be determinative of the cause then pending in the certifying court; and 2.) it appears to the certifying court there is no controlling precedent in the decisions of the Kansas Supreme Court and/or Kansas Court of Appeals.  Kan. Stat. Ann. § 60-3201.

As to the first requirement, it is undisputed that a determination on the tolling provision

would be determinative in this case.  Without the tolling provision, plaintiff's claims may be barred in whole or in part. Thus, the material issue is whether this court perceives a lack of controlling state precedent.

After a detailed review of <u>White v. VinZant,</u>773 P.2d 1169, 13 Kan.App.2d 47 (Kan. App. 1989), the court finds that the case directly addresses the issue at hand.  The relevant facts are as follows.  On January 16, 1985, defendant Whitney VinZant performed surgery on plaintiff at St. Joseph in Wichita. <u>Id.</u> at 1170.  Almost two years later on January 12, 1987, plaintiff filed a request to appoint a medical malpractice screening panel.  <u>Id.</u>  On January 21, 1987, the district court ordered that the screening panel be convened.  <u>Id.</u> at 1171. On July 1, 1987, defendant filed a motion to dismiss because plaintiff had failed to submit his contentions to the screening panel. <u>Id.</u>  The court granted the order on July 30, 1987, but no journal entry reflecting the court's action was filed by the parties.  <u>Id.</u>  On January 22, 1988, the plaintiff obtained new counsel and asked for a motion to set aside the court's order issued on July 30, 1987.  <u>Id.</u>  The district court denied the motion on January 28, 1987.  On February 1, 1988, plaintiff filed a petition with the district court. <u>Id.</u>  On February 22, 1988, an order dismissing the medical malpractice screening panel was filed with the district court. <u>Id.</u>  Defendants then moved for a motion to dismiss and a motion for summary judgment arguing that action was time barred. The district court denied both motions.

Defendants then appealed the decision to the Kansas Court of Appeals.  <u>Id.</u>  The appellate court found that plaintiff's request for a panel on January 12, 1987 tolled the general statute of limitation until such tolling was rendered moot by his filing on February 1, 1988.  <u>Id.</u> at 1172. In reaching this conclusion, the court noted that the clear and unambiguous language of Kan. Stat.

2

Ann. § 65-4908 provides that the request for a screening panel stops the running of the statute of limitations.  Id. at 1173.  "The only express limitation on the duration of the tolling provision is that the statute of limitations will remain tolled until 30 days after the screening panel issues its written recommendation."  Id.  However, the court found that the issuance of a recommendation is not a prerequisite to the tolling of the statute of limitations.  Id.  Rather, "the purpose and intent of the legislature in enacting K.S.A. 65-4908 was to toll the applicable statute of limitations from the initiation of proceedings before a screening panel until 30 days after the conclusion of the proceedings."  Based on the intent of Kan. Stat. Ann. § 60-4908, "the applicable statute of limitation should remain tolled until 30 days after the conclusion of the proceedings."  Id. at 1174.  Directly relevant to this case, the court held that:

> In cases such as the present one where written recommendations were never issued, the conclusion of the proceedings is signified by the filing of the district court's order dismissing the proceedings.  K.S. A. 60-258.  Thus, the statute of limitations will remain tolled for 30 days after the court's dismissal.

Id. at 1174.  Applying the logic in White, the court held that the statute of limitations would have begun to run 30 days after the filing of the order of dismissal on February 22, 1988.  Thus, plaintiff's February 1, 1998 filing of his petition was timely because his 30 days had not run.

The reasoning in White is controlling in the present case.  Mr. Berndt requested a screening panel on October 24, 2002.  On July 28, 2003,[1] the district court dismissed the screening panel. On August 5, 2003, plaintiff filed his complaint with the U.S. District Court. The Kansas Court of Appeals' reasoning in White dictates that plaintiff would have 30 days from

---

[1] Defendant states that the dismissal was filed on July 18, 2003.  However, plaintiff states in his response brief that the presiding district court issued the dismissal on July 18, 2003.  Based on either a July 18 or a July 28 dismissal, the subsequent filing with the U.S. District Court is timely.

the dismissal of the medical screening panel to file his petition.  Id. at 1174.  The court does not find merit in defendant's argument that plaintiff's dismissal prior to the filing of the petition distinguishes White.  Rather, the White court found that plaintiff could file his claim well into late March 1988.  Similarly, Mr. Berndt could have filed his claim until 30 days after the July 2003 dismissal of the screening panel. With clear guidance from the White court, this court does not perceive a need to certify defendant's question to the Kansas Supreme Court.

IT IS ACCORDINGLY ORDERED this 12th day of August 2005, that the court denies defendant's Motion to Certify Question to the Kansas Supreme Court (Dkt. No. 69).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE