IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK BERNDT,

    Plaintiff,

vs.                                Case No.03-1283-JTM

GARY KRAMER, M.D.,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on the plaintiff's Motion to Alter and/or Amend Judgment. For the following reasons, the court denies plaintiff's motion.

*I. Factual Background:*

The court has previously entered the nature of the case and factual background in its prior rulings on December 29, 2004 and January 17, 2006. Plaintiff filed the present motion on January 31, 2006, following the court's granting of defendant's Motion for Partial Summary Judgment.

*II. Standard of Review:*

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend judgment within ten days following entry of judgment. "[T]he purpose of a rule 59(e) motion to alter or amend is to correct manifest errors of law or to present newly-discovered evidence. Such a motion is not intended to allow the parties to re-litigate previous issues, advance new theories, or rehear the

merits of a case." *Brinkman v. State of Kan., Dept. of Corrections*, 869 F. Supp. 902, 904-905 (D. Kan. 1994). Once issues are determined by the court, the issues should not be re-litigated or reconsidered unless they are clearly erroneous or unless some manifest injustice was imposed. *Renfro. v. City of Emporia, Kan.*, 732 F. Supp. 1116, 1117 (D. Kan. 1990).

III. Conclusions of Law:

Plaintiff asserts that the court's granting of defendant's Motion for Partial Summary Judgment contains an error in law and/or manifest injustice because, as plaintiff argues, permanency, alone, does not trigger the duty to investigate and/or the running of the statute of limitations. Plaintiff points to K.S.A. 60-513(a)(7) and K.S.A. 60-513(c) and argues that ". . . the cause of action . . . shall not have been deemed to have accrued until the act . . . first causes <u>substantial injury</u>, or if the <u>fact of injury</u> is not reasonably ascertainable until some time. . ." plaintiff's Motion to Alter and/or Amend Judgment, at pg. 2 (emphasis in original). However, the court finds that plaintiff's argument does not uncover manifest errors of law made in the court's granting of defendant's Motion for Partial Summary Judgment. Additionally, plaintiff does not present newly-discovered evidence. The court finds that plaintiff is attempting to re-litigate previous issues decided by this court. <u>See</u> Dkt. No. 89 (finding that the infection was known to be permanent before October 24, 2000, based on plaintiff's visit with Dr. Gilbert; that the infection was known as of September 1, 2000; and the error in treatment, which led to the amputation of plaintiff's leg, did not result in a new infection or a new injury (citing *Med James Inc. v. Barnes*, 31 Kan. App.2d 89 (2003) (noting that the "critical information to trigger the running of the statute of limitations is knowledge of the fact of injury, not the extent of injury."))). The court, therefore, finds that the amputation was the result of the initial infection,

which was improperly treated, and was known to plaintiff on September 1, 2000. For this reason, plaintiff's Motion to Alter and/or Amend Judgment is denied.

IT IS ACCORDINGLY ORDERED this 25th day of October, 2006, that plaintiff's Motion to Alter and/or Amend Judgment (Dkt. No. 94) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE